IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MATTHEW POPPLEWELL,<br>    *Petitioner*,<br><br>    v.<br><br>WARDEN VANIHEL,<br>    *Respondent*. | No. 2:20-cv-682-JPH-MJD |

**RETURN TO ORDER TO SHOW CAUSE AND MEMORANDUM OF LAW**

Respondent, warden of Wabash Valley Correctional Facility, by counsel, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and this Court's order, answers the above-captioned petition for a writ of habeas corpus and submits this return to order to show cause and memorandum of law. Respondent respectfully requests the Court to deny the petition with prejudice because 1) Matthew Popplewell's petition relating to a disciplinary action from 2016 is untimely, and 2) he has not shown the denial of any federal right.

**JURISDICTION**

Popplewell is in the custody of Respondent, Frank Vanihel, warden of Wabash Valley Correctional Facility.[1] Popplewell, identified by prisoner number 950929, is serving a three-year sentence for theft, receiving stolen property, and his

---

[1] Popplewell's discipline was instituted at Miami Correctional Facility, but he is currently in the custody of Warden Vanihel, who is the proper respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; *Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005).

1

earliest possible release date is January 27, 2022. Indiana Dep't of Correction, Offender Database, www.in.gov/apps/indcorrection/ofs/ofs (visited February 11, 2021).

Popplewell brings the instant action under 28 U.S.C. § 2254 challenging a prison disciplinary conviction for Class A offense 111/121, conspiracy to possess or use a cell phone (modified from the original charge that did not include offense A-111, conspiracy). The hearing officer sanctioned Popplewell with a written reprimand, a 90-day change in work/housing assignment, disciplinary segregation from May 20, 2016, to June 7, 2016 (time served), a 45-day loss of commissary privileges, a 120-day loss of earned credit time, and a one-level demotion in credit class (Exhibit C).

## EXHAUSTION

Popplewell appears to have exhausted his available administrative appeals with regard to the issues in his petition.

## STATEMENT OF FACTS

On May 14, 2016, Officer E. Callaway wrote a conduct report that charged Popplewell with Class A offense 121, possession or usage of a cell telephone (Exhibit A). The conduct report stated:

> On 5-13-16 I, Officer E. Callaway, was activated for E Squad to conduct cell searches for MCF. At approximately 2130 [9:30 p.m.], I entered HHU with Officer Lowe and Sergeant Comer. When we approached Cell 37, 438 which housed Offender Popplewell, Mathew 950929 and Anglemeyer, Chase 233471, the door opened and Sgt. Comer entered first and instructed the offenders not to move and to turn away from the door. Officer Lowe entered second and placed Offender Anglemeyer into flex cuffs. I entered third and placed

> Offender Popplewell into flex cuffs. We then escorted them to RHU without incident. Upon returning to HHU, we began our search of their cell. During the search, I found a black and blue cell phone on the floor under the bottom bunk wrapped in saran wrap. Neither offender admitted to owning the phone. End of Report.

(Exhibit A, errors in original). Exhibit A-1 has two photographs of the phone.

The facility screened Popplewell on May 24, 2016, when it served him the conduct report and notice of disciplinary hearing (screening report) (Exhibits A, B). Popplewell pleaded not guilty, did not waive 24-hour notice of the hearing, and requested a lay advocate[2] (Exhibit B). Popplewell requested offender Anglemeyer as a witness and anticipated that Anglemeyer would testify that "It was his" (Exhibit B). As physical evidence, he requested photographs of the phone (Exhibit B).

After two postponements (Exhibit B-1), the hearing officer conducted the disciplinary hearing on June 7, 2016, in case number MCF 16-05-0408 (Exhibit C). Popplewell again pleaded not guilty to the A-121 charge of possession or use of a cell phone, stating the phone was not his (Exhibit C). Offender Anglemeyer provided a written statement that said, "The cell phone in cell was mine (Chase Anglemeyer's). I take full responsibility for it being in the cell. My bunkee did not know I had it in the cell" (Exhibit C-1). Sgt. Comer provided a statement that said that he was present for a shakedown conducted in HHU-437/438; that he observed Officer Callaway grab a blue and black flip phone wrapped in cellophane, and that the phone was located under the bottom bunk (H-437) (Exhibit C-2).

---

[2] The administrative record does not include documentation that prison officials appointed a lay advocate, but Popplewell does not make this an issue in his habeas petition.

The hearing officer found Popplewell guilty of offense A-111/A-121, adding conspiracy to the charge of possession or use of a cell phone (Exhibit C). The hearing officer relied on staff reports, Popplewell's statement, and the photo of the phone (Exhibit C). "DHB finds offender guilty of A11/121 based on conduct report and witness statement from offender" (Exhibit C). The hearing officer sanctioned Popplewell with a written reprimand, a 90-day change in work/housing assignment, disciplinary segregation from May 20, 2016, to June 7, 2016 (time served), a 45-day loss of commissary privileges, a 120-day loss of earned credit time, and a one-level demotion in credit class (Exhibit C).

Popplewell's appeal to the facility head was dated June 21, 2016 (Exhibit D at 1). It appears that Popplewell prematurely filed an appeal with the Department of Correction (Department) final reviewing authority because the Department informed Popplewell by letter dated June 29, 2016, that he had to file a first-level appeal (Exhibit E-1). The Department sent a similar letter on July 7, 2016, noting that his first-level appeal was pending before the warden (Exhibit E-2). The facility head denied the appeal on July 27, 2016 (Exhibit E-3). Popplewell then appealed to the final reviewing authority, who denied the appeal on December 12, 2016 (Exhibit E-4). Popplewell then filed his habeas petition on December 23, 2020, which was four years after the denial of his second-level appeal (Dkt. 2).

## STANDARD OF REVIEW

Courts may issue writs under § 2254 for violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A violation of state law,

however, will not support issuance of a writ of habeas corpus. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

A facility must afford procedural due process to an Indiana prisoner before depriving the prisoner of good-time credits or demoting the prisoner in credit class. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001). Under the Due Process Clause, an offender subject to a prison disciplinary proceeding that may result in a lengthened period of imprisonment is entitled to the following five safeguards:

> (i) Written notice of the charges at least 24 hours before the hearing;
>
> (ii) The opportunity to be heard before an impartial decision maker;
>
> (iii) The opportunity to call witnesses and to present documentary evidence in defense when consistent with institutional safety and correctional goals;
>
> (iv) A written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action; and
>
> (v) "Some evidence" to support the decision.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974). Prisoners have no right to confrontation or cross-examination in disciplinary proceedings, and they do not have a right to retained or appointed counsel. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Wolff*, 418 U.S. at 567–70. To obtain review of a claim for habeas relief, the prisoner must exhaust his state administrative remedies, and failure to do so constitutes procedural default barring federal habeas relief. *Markham v. Clark*, 978 F.2d 993, 995–96 (7th Cir. 1992); *see*

5

*also* 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion requires that the prisoner must have pressed each claim he seeks to raise in his habeas petition at each level of the prison disciplinary process. *Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markham*, 978 F.2d at 995–96; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

## PETITIONER'S GROUNDS

Popplewell asserts two grounds in his petition, which Respondent restates as whether 1) prison officials violated Department policy regarding acceptance of a witness statement from another offender admitting guilt to the offense, and violated policy regarding chain of custody, and 2) whether sufficient evidence supported the guilty finding. Respondent adds the issue whether Popplewell's petition is untimely.

## ANALYSIS

### I.
### Popplewell's petition for writ of habeas corpus is untimely.

Popplewell is not entitled to relief on his petition because he filed his petition more than a year after his last disciplinary appeal was denied. While this Court is bound by the Seventh Circuit's precedent in *Cox v. McBride*, 279 F.3d 492, 494 (7th Cir. 2002), Popplewell's petition for a writ of habeas corpus is untimely under the Rules Governing Section 2254 Cases. Section 2254 provides the vehicle for petitions for a writ of habeas corpus from prison disciplinary proceedings. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (citations omitted). The time for filing a petition under section 2254 is governed by 28 U.S.C. section 2244(d). Rule 3(c) of the Rules

Governing Section 2254 Cases in the United States District Courts. Section 2244(d) provides for a one-year period of limitation running from the latest of four accrual dates. 28 U.S.C. § 2244(d).

In *Cox*, the Seventh Circuit held that the one-year statute of limitations in section 2244(d) did not apply to petitions challenging prison disciplinary matters. 279 F.3d at 494. Instead, the Court held that the "only limitation is the equitable principle of laches codified in Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts." *Id.* But the Court remarked that "Congress can and perhaps should amend the statute to bring petitions for habeas corpus that challenge prison discipline under the one-year (or some other definite) limitation." *Id.*

After *Cox* was decided, Rule 9(a)—upon which *Cox* relied—was removed. *See* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. Although the removal of Rule 9(a) was "intended to be stylistic" with "no substantive change," subsection (a) was "deleted as unnecessary in light of the applicable one-year statute of limitations for § 2254 petitions." Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts advisory committee note (2004). At the same time, Rule 3(c) was amended to "set[] out a specific reference to 28 U.S.C. § 2244(d)" and "to put petitioners on notice that a one-year statute of limitations applies to petitions filed under these Rules." Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts advisory committee note (2004).

As the Sixth Circuit observed, "[t]he most natural reading of the statute is that the one-year statute of limitations, rather than the equitable principle of laches, governs the timeliness" of petitions of writs of habeas corpus challenging prison disciplinary convictions. *Allen v. White*, 185 Fed. Appx. 487, *3 (6th Cir. 2006). The Second, Fourth, Fifth, Ninth, and Tenth Circuits have reached similar conclusions. *Dulworth v. Evans*, 442 F.3d 1265, 1267 (10th Cir. 2006) (collecting cases).

Popplewell was found guilty of offense A-111/A-121, conspiracy to possess or use a cell phone, on June 7, 2016 (Exhibit C), and he exhausted his administrative appeals on December 12, 2016 (Exhibit E-4). He filed his petition for habeas corpus on December 23, 2020, just over four years after he exhausted his administrative remedies (Dkt. 2). Because he did not petition for habeas corpus within one year of the date his last disciplinary appeal was denied, his petition was filed too late. Rule 3(c) the Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 2244(d); (Dkt. 2). Respondent acknowledges that this Court is likely bound by the Seventh Circuit's precedent, but raises this argument to preserve the issue of timeliness for appeal. Popplewell' petition is untimely and should be denied on that basis.

## II.
## Popplewell is not entitled to relief on either of his grounds to the extent they are based on alleged violations of Department policy.

Popplewell in ground one alleges that the hearing officer violated Department policy regarding acceptance of another offender's admission of guilt,

8

and in ground two he alleges prison officials violated Department policy regarding chain of custody documentation (Dkt. 2 at 4). Popplewell is apparently referring to the Disciplinary Code for Adult Offenders (DCAO). He is not entitled to relief on any alleged violations of Department policy.

The DCAO is an unpromulgated policy of the agency and thus a creature of state law. *See* Ind. Code § 11-8-2-5(a)(8). Habeas relief under Section 2254 is available only when an offender "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015); 28 U.S.C. § 2254(a). This means that federal habeas relief is available only for violations of federal law—federal habeas relief is not available for violations of state law. *See, e.g., Swarthout v. Cooke*, 562 U.S. at 210; *Wilson*, 562 U.S. at 5. Department polices, regulations, and guidelines do not constitute federal law, and they are instead "primarily designed to guide correctional officials in the administration of a prison …not…to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995).

Violations of state law do not constitute violations of due process, even if there is a failure to adhere to a procedure required by state law. *See, e.g., Swarthout*, 562 U.S. at 221–22; *Davis v. Scherer*, 468 U.S. 183, 193–96 (1984*);
Snowden v. Hughes*, 321 U.S. 1, 11 (1944); *Hebert v. Louisiana*, 272 U.S. 312, 316 (1926). Moreover, state procedural requirements are not a source of federal entitlements. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983); *Hewitt v.*

*Helms*, 459 U.S. 460, 471 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Smith v. Shettle*, 946 F.2d 1250, 1254 (7th Cir. 1991).

Popplewell's reliance on alleged violations of the DCAO are not cognizable under Section 2254 and do not form a basis for habeas relief. *Estelle*, 502 U.S. at 67–68. Thus, Popplewell is not entitled to relief to the extent he relies on any alleged violations of Department policy.

### III.
### Some evidence supported the guilty finding.

Popplewell's grounds also implicate whether some evidence supported the guilty findings (Dkt. 2 at 4). Due process requires that a prison disciplinary conviction be supported by "some evidence."[3] *Hill*, 472 U.S. at 454. This is a lenient standard requiring no more than a modicum of evidence—even meager proof will suffice so long as it points to the prisoner's guilt. *See id.* at 457; *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007) (describing "some evidence" standard of *Hill* as "the narrowest judicial review of judgments we know"). The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941). Courts do not examine the entire record, weigh evidence, or assess the credibility of witnesses, but instead determine

---

[3] Although state law requires proof by a preponderance of the evidence, *see* Ind. Code § 11-11-5-5(a), failure to adhere to that heightened state-law standard does not amount to a federal constitutional violation for which habeas relief may be granted, *see, e.g.*, *Swarthout v. Cooke*, 562 U.S. 216, 219–22 (2011) (per curiam).

only whether the disciplinary board's decision has some factual basis. *Hill*, 472 U.S. at 455–56; *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The evidence on which the disciplinary board relies must bear sufficient indicia of reliability. *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989). But due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board," *Hill*, 472 U.S. at 457, so the presence of potentially exculpatory evidence before the board is immaterial unless it directly undercuts the reliability of the evidence on which the board relied, *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir. 1996); *Viens*, 871 F.2d at 1335. There was some evidence supporting the guilty finding in this case.

At the time of the incident the Department defined offense A-111 as "Attempting or conspiring or aiding and abetting with another to commit any Class A offense" (Exhibit F at 1). The Department defined offense A-121 as "Unauthorized use or possession of any cellular telephone or other wireless or cellular communications device" (Exhibit F at 2). Here, Officer Callaway and other officers found a cell phone under the bottom bunk in a cell occupied by Popplewell and offender Anglemeyer (Exhibit A).

At the time of the incident the DCAO defined possession as

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in

11

>his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

(Exhibit G). Under the facts of the case and applicable definitions, Popplewell and Anglemeyer both possessed the cell phone that was "in [their] quarters," "within their cell or within areas of their housing … that are under their control" (Exhibits A, G). *See, e.g.*, *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (holding that evidence showing a twenty-five percent chance of guilt constitutes "some evidence" under the circumstances).

It did not matter that Anglemeyer claimed ownership of the phone (Exhibit C-1). The offense is possession, not ownership, of a cell phone (Exhibit F at 2). And because both offenders possessed the phone, the hearing officer reasonably added offense A-111, conspiracy, to the charge (Exhibit C). Both offenders had access to the phone and presumably could have used it at any time, in violation of Department disciplinary rules.

The conduct report alone is sufficient evidence to support the guilty finding. *See McPherson*, 188 F.3d at 786 (conduct report "alone provides 'some evidence' for the CAB's decision."). Here, the conduct report along with the photos of the cell phone are sufficient evidence that Popplewell was guilty of conspiracy to possess or use a cell phone.

## CONCLUSION

The Court should deny the petition and dismiss this case because Popplewell's petition is untimely, and it presents no valid basis on which the Court should issue a writ of habeas corpus.

                                                  Respectfully submitted,

                                                  FRANCES BARROW
                                                  Deputy Attorney General

## NOTICE

Respondent hereby notifies Popplewell in the spirit of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), that you have 28 days after service of this motion to respond. See S.D. Ind. L.R. 7-1(c)(2). Because this motion has been served on you by mail, you have 31 days from the date on the certificate of service to file your response with the Clerk. See Fed. R. Civ. P. 6(d). You may move the Court for an enlargement of time. The Court may decide the case without your response if you fail to respond within the time provided. The Court may, but is not required to, allow you more time to respond if you make a written request. Any request for additional time should be made by written motion, stating both the original and requested deadline for the response, identify the reasons for the requested extension, and explain why those reasons provide good cause for the extension. S.D. Ind. L.R. 6-1(c).

## CERTIFICATE OF SERVICE

      I hereby certify that on February 15, 2021, I filed a copy of the foregoing electronically.  I hereby certify that on February 15, 2021, I had a copy of the foregoing mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Matthew Popplewell, No. 950929
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, Indiana  47838

                                                                                FRANCES BARROW
                                                                                Deputy Attorney General

OFFICE OF THE ATTORNEY GENERAL
302 West Washington Street
IGCS-5th Floor
Indianapolis, Indiana  46204
Telephone:  (317) 233-0555
Frances.Barrow@atg.in.gov