UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MATTHEW POPPLEWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00682-JPH-MJD |
| ) | |
| VANIHEL, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Matthew Popplewell filed a petition for a writ of habeas corpus challenging a Miami Correctional Facility disciplinary proceeding identified as MCF 16-05-0408. For the reasons explained in this Order, Mr. Popplewell's habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

**I.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**II.   The Disciplinary Proceeding**

On May 14, 2016, Officer E. Callaway issued a Report of Conduct charging Mr. Popplewell with a violation of Code A-121 for possession or usage of a cellular telephone. Dkt. 7-1. The Conduct Report states:

> On 5-13-16, I, Officer E. Callaway, was activated for E Squad to conduct cell searches for MCF. At approximately 2130, I entered HHU with Officer Lowe and Sergeant Corner. When we approached Cell 437,438, which housed Offender Popplewell, Matthew 950929, and Anglemeyer, Chase, 233471, the door opened, and Sgt. Corner entered first and instructed the offender not to move and to turn away from the door. Officer Lowe entered second and placed Offender Anglemeyer into flex cuffs. I entered third and placed Offender Popplewell into flex cuffs. We then escorted them to RHU without incident. Upon returning to HHU, we began our search of their cell. During the search, I found a black and blue cell phone on the floor under the bottom bunk wrapped in saran wrap. Neither offender admitted to owing the phone.

*Id*.

On May 24, 2016, Mr. Popplewell was notified of the charges, pleaded not guilty, requested a lay advocate, and requested to call his cell mate as a witness. Dkt. 7-3. Mr. Popplewell stated that the cell phone belonged to his cell mate. *Id*. A hearing was held on June 7, 2016. Dkt. 7-5. During the hearing, Mr. Popplewell again stated the cell phone was not his, and asked for a lay advocate, one witness, and pictures of the cell phone. *Id.* The disciplinary hearing officer ("DHO") found Mr. Popplewell guilty based on staff reports, Mr. Popplewell's statements, and photographs of the phone. *Id*. In addition to the charged offense of A-121, the DHO found Mr. Popplewell guilty of A-111, for conspiracy/attempting/aiding or abetting. *Id*. Mr. Popplewell received a loss of 120 days of earned credit time and a one credit class demotion. *Id*.

Mr. Popplewell filed an appeal with the Facility Head on June 21, 2016, dkt. 7-8 at 1-3, and it was denied on July 19, 2016, dkt. 7-11. On August 9, 2019, Mr. Popplewell filed a request for a review of the Indiana Department of Correction's ("IDOC") last decision. Dkt. 8-1 at 3. The

DOC granted that request, reviewed the matter, and his appeal was granted in part, and denied in part. Dkt. 8-1 at 1. The DOC dismissed the A-111 conspiracy charge based on insufficient evidence but upheld the remaining portions of the disciplinary action. *Id.* Mr. Popplewell filed his petition for a writ of habeas corpus on December 23, 2020. Dkt. 2.

### III.     Analysis

Mr. Popplewell asserts three grounds to challenge his prison disciplinary conviction: (1) prison staff failed to adhere to prison policies when instituting disciplinary proceedings; (2) he was denied chain of custody documentation; and (3) there was insufficient evidence to find him guilty of the charged offense. Dkt. 2 at 3-4.

#### a.  Prison Policies

Mr. Popplewell alleges that various aspects of the disciplinary proceeding—providing discovery, evidence handling, and the use of witness statements—did not follow IDOC policies or prison procedures. *See e.g.*, Dkt. 2-1, at 1-7; dkt. 8 at 1-4. These are not grounds for habeas relief. *See, e.g.*, *Sandin v. Conner,* 515 U.S. 472, 481–82 (1995) (Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates."); *Estelle v. McGuire,* 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."). For this reason, the Court may not grant habeas relief based on any issue arising from

the administrative appeals process, which is a creation of IDOC or prison policies. *Lauderdale-El v. Smith*, No. 2-19-CV-00053-JPH-DLP, 2020 WL 5748131, at *2 (S.D. Ind. Sept. 25, 2020).

b. **Denial of Evidence**

Mr. Popplewell also alleges he was improperly denied evidence when he was never provided with any details surrounding the chain of custody of the cell phone. Dkt. 2 at 4. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (cleaned up). In the prison disciplinary context, "the purpose of [this] rule is to ensure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (cleaned up). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

In this case, Mr. Popplewell was given a copy of the Report of Conduct, dkt. 7-1, and received notice of the charges, dkt. 7-3, which noted the date and location of collection, the officer who located the cell phone, and a description and photographs of the cell phone. *Id*. *See also* dkt. 7-2 at 1-2. Mr. Popplewell therefore has not shown that he did not have enough information about chain of custody or that any further details could "undermine[ ] or contradict[ ] the finding of guilt." *See Jones*, 637 F.3d at 847.

c. **Sufficiency of the Evidence**

To the extent that Mr. Popplewell argues that the absence of a chain of custody report leaves insufficient evidence to support his conviction, dkt. 2 at 4, that claim, too, must fail.

4

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. In assessing whether there is some evidence – any evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.").

In this case, the Report of Conduct is sufficient evidence to support the charge. Dkt. 7-1. The reporting officer indicates Mr. Popplewell's cell was searched, a cell phone was discovered, and he was subsequently charged with possession of a cell phone. *Id*. Moreover, the DOC concluded that both Mr. Popplewell and his cell mate could constructively possess the cell phone. Dkt. 8-1 at 1.

## IV.   Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 11/28/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MATTHEW POPPLEWELL
2293 N. Main Street
c/o Lake County Jail
Crown Point, IN 46307

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov